J-S58045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOE DAVID BARCLAY | |
| Appellant | No. 761 MDA 2015 |

Appeal from the Judgment of Sentence March 5, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000550-2014

BEFORE: GANTMAN, P.J., OLSON, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED OCTOBER 16, 2015**

Appellant, Joe David Barclay, appeals from the judgment of sentence entered in the Franklin County Court of Common pleas, following his open guilty plea to possession of child pornography and criminal use of communication facility.[1]  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this appeal are as follows. Between December 10, 2013 and March 6, 2014, Appellant used a computer to access videos of minors performing sex acts.  On November 3, 2014, Appellant pled guilty to seven (7) counts of possession of child pornography and one (1) count of criminal use of communication facility.  The court

_____

[1] 18 Pa.C.S.A. §§ 6312(d), 7512(a).

_____

*Retired Senior Judge assigned to the Superior Court.

sentenced Appellant on March 5, 2015, to concurrent terms of thirty (30) to eighty-four (84) months' incarceration for each count of possession of child pornography. The court imposed a consecutive term of twelve (12) to eighty-four (84) months' incarceration for the criminal use of communication facility conviction. Thus, Appellant received an aggregate sentence of forty-two (42) to one hundred sixty-eight (168) months' incarceration. On March 10, 2015, Appellant filed a timely post-sentence motion, which the court denied on April 9, 2015. Appellant filed a timely notice of appeal on April 30, 2015. On that same date, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant filed a Rule 1925(b) statement on June 8, 2015.[2] On July 15, 2015, counsel filed with this Court a petition to withdraw representation. On August 6, 2015, Appellant filed a *pro se* response to counsel's request to withdraw.

As a preliminary matter, appellate counsel seeks to withdraw her representation pursuant to ***Anders v. California***, 386 U.S. 738, 87 S.Ct.

---

[2] Appellant's Rule 1925(b) statement was untimely. Nevertheless, this Court may address the merits of a criminal appeal where a defendant files an untimely Rule 1925(b) statement, if the trial court had adequate opportunity and chose to prepare an opinion addressing the issue(s) raised on appeal. ***See Commonwealth v. Burton***, 973 A.2d 428 (Pa.Super. 2008) (*en banc*). Here, the trial court filed a Rule 1925(a) opinion that addresses the sole issue raised on appeal. Moreover, counsel seeks to withdraw representation, so she had only to file a Rule 1925(c)(4) statement of intent to file an ***Anders*** brief, which would make a trial court opinion discretionary. ***See Commonwealth v. McBride***, 957 A.2d 752 (Pa.Super. 2008).

1396, 18 L.Ed.2d 493 (1967) and **Commonwealth v. Santiago**, 602 Pa. 159, 978 A.2d 349 (2009). **Anders** and **Santiago** require counsel to: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief to raise any additional points the appellant deems worthy of review. **Santiago, supra** at 173-79, 978 A.2d at 358-61. Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa.Super. 2007). "After establishing that the antecedent requirements have been met, this Court must then make an independent evaluation of the record to determine whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Palm**, 903 A.2d 1244, 1246 (Pa.Super. 2006) (quoting **Commonwealth v. Townsend**, 693 A.2d 980, 982 (Pa.Super. 1997)).

In **Santiago, supra**, our Supreme Court addressed the briefing requirements where appellate counsel seeks to withdraw representation:

> Neither **Anders** nor **McClendon**[3] requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. To repeat, what the brief must provide under **Anders** are

---

[3] **Commonwealth v. McClendon**, 495 Pa. 467, 434 A.2d 1185 (1981).

references to anything in the record that might arguably support the appeal.

\* \* \*

Under **Anders,** the right to counsel is vindicated by counsel's examination and assessment of the record and counsel's references to anything in the record that arguably supports the appeal.

**Santiago, supra** at 176, 177, 978 A.2d at 359, 360. Thus, the Court held:

[I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 178-79, 978 A.2d at 361.

Instantly, counsel's petition to withdraw states that counsel reviewed the facts, relevant law, and potential issues for appeal, and determined the appeal is wholly frivolous. Counsel notified Appellant of counsel's request to withdraw. Counsel also supplied Appellant with a copy of the **Anders** brief and a letter explaining Appellant's right to retain new counsel or to proceed *pro se* to raise any additional issues Appellant believes this Court should consider. In the **Anders** brief, counsel provides a summary of the facts and procedural history of this case. Counsel's argument section refers to relevant law that might arguably support Appellant's discretionary aspects of sentencing claims raised on appeal. Counsel further states the reasons for

her conclusion that the appeal is wholly frivolous. Therefore, counsel has substantially complied with the requirements of **Anders** and **Santiago**.

We proceed to review the sentencing issue raised in the **Anders** brief:

> WHETHER THE SENTENCING COURT ERRED AS A MATTER OF LAW WHEN IT DENIED [APPELLANT'S] POST-SENTENCE MOTION TO MODIFY SENTENCE?

(**Anders** Brief at 4).[4]

In his single issue, Appellant argues the court failed to articulate on the record its reasons for the sentence imposed. Appellant asserts the court neglected to take into account Appellant's lengthy allocution, counsel's arguments, Appellant's rehabilitative needs, and various mitigating factors. Appellant contends the court abused its discretion when it imposed consecutive sentences, which resulted in a maximum aggregate term that is excessive and might effectively constitute a life sentence. Appellant concludes this Court should vacate his judgment of sentence and remand for resentencing. As presented, Appellant challenges the discretionary aspects of his sentence. **See Commonwealth v. Dunphy**, 20 A.3d 1215

---

[4] In Appellant's *pro se* response to counsel's petition to withdraw, Appellant reiterates the claim that his sentence is excessive. Appellant also asserts that counsel provided inadequate representation and should not have advised Appellant to take a plea. Appellant, however, fails to expand on this argument or to cite any relevant law. Moreover, this Court cannot review Appellant's challenge to counsel's effectiveness on direct appeal. **See Commonwealth v. Holmes**, 621 Pa. 595, 79 A.3d 562 (2013) (stating ineffective assistance of counsel claims generally are to be deferred to collateral review).

(Pa.Super. 2011) (stating claim that sentencing court failed to offer adequate reasons to support sentence challenges discretionary aspects of sentencing); *Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595 (Pa.Super. 2010) (explaining challenge to imposition of consecutive sentences implicates discretionary aspects of sentencing); *Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating claim that sentencing court failed to consider or did not adequately consider certain factors challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *See* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *See* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Commonwealth v. Anderson**, 830 A.2d 1013, 1018 (Pa.Super. 2003). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Sierra, supra** at 912-13 (quoting **Commonwealth v. Brown**, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)). A claim that a sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process. **Mouzon, supra** at 435, 812 A.2d at 627. Generally, "[a]n allegation that a sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate." **Cruz-Centeno, supra** at 545. A challenge to the trial court's exercise of

discretion in imposing sentences consecutively also generally fails to raise a substantial question. *Commonwealth v. Pass*, 914 A.2d 442, 446 (Pa.Super. 2006). Nevertheless, "[a]n allegation that a judge 'failed to offer specific reasons for [a] sentence does raise a substantial question.'" *Dunphy, supra* at 1222 (quoting *Commonwealth v. Reynolds*, 835 A.2d 720, 734 (Pa.Super. 2003)).

"In every case in which the court imposes a sentence for a felony or misdemeanor…the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S.A. § 9721(b). "Nevertheless, a lengthy discourse on the trial court's sentencing philosophy is not required. Rather, the record as a whole must reflect the court's reasons and its meaningful consideration of the facts of the crime and the character of the offender." *Commonwealth v. Malovich*, 903 A.2d 1247, 1253 (Pa.Super. 2006). *See also Commonwealth v. Brown*, 741 A.2d 726 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001) (stating court meets requirement that it state on record reasons for sentence imposed if court states that it has consulted presentence investigation ("PSI") report).

Instantly, Appellant preserved his discretionary aspects of sentencing claims in a timely filed post-sentence motion. Nevertheless, Appellant fails to raise a substantial question with respect to his claims regarding the

excessiveness of his sentence, the court's decision to run counts consecutively, and the court's alleged failure to consider certain mitigating factors. *See Mouzon, supra*; *Pass, supra*; *Cruz-Centeno, supra*. Moreover, the court reasoned as follows in its Rule 1925(a) opinion:

> Here, this [c]ourt carefully considered all relevant sentencing factors, pursuant to 42 Pa.C.S.[A.] § 9721(b). As a result, this [c]ourt imposed a standard range sentence. First, this [c]ourt wholly disagrees with [Appellant's] claim that he has not been demonstrated to be a danger to the public. [Appellant] was convicted of seven counts of possessing child pornography. The Pennsylvania Supreme Court has clearly stated that even the mere possession and downloading of child pornography is harmful to children as "each image of child pornography creates a permanent record of a child's abuse, which results in continuing exploitation of a child when the image is subsequently viewed." *Com*[*monwealth*] *v. Baker*, 24 A.3d 1006, 1036 [Pa.Super. 2011]. Indeed, "[t]he purpose of Section 6312 is plainly to protect children, end the abuse and exploitation of children, and eradicate the production and supply of child pornography." *Id.* This [c]ourt noted that [Appellant] had a prior record score of 5. This [c]ourt considered that [Appellant] was remorseful at sentencing and he stated that he would seek treatment along with the fact that [Appellant] has a criminal history. While [Appellant's] criminal history does not include offenses that are similar to the instant offense, he does have a somewhat lengthy criminal history, a majority of which dates back as far as to the 1980's. Therefore, this [c]ourt decided to run the seven counts of Possession of Child Pornography concurrently. The [c]ourt imposed a sentence on Criminal Use of a Communication Facility that ran consecutively to the Possession of Child Pornography counts. Thus, this [c]ourt considered factors one (the protection of the public) and two (the gravity of the offense as it relates to the victim and on the community) when imposing [Appellant's] sentence.
>
> As to rehabilitation, [Appellant] is correct that this [c]ourt did not specifically mention the rehabilitation factor at

sentencing[,] however[,] this court did consider [Appellant's] rehabilitation when imposing sentence. …

When imposing sentence, this [c]ourt considered the fact that [Appellant] observed/possessed child pornography on ***at least*** seven different occasions over the course of four months. This [court] found that a fourteen year aggregate maximum sentence was necessary in order to attempt to rehabilitate [Appellant] so he does not continue to aid an online industry that revolves around the exploitation of children.

Appellant cites [***Commonwealth v. Coulverson***, 34 A.3d 135 (Pa.Super. 2011),] for the proposition that "[a] sentence may still be excessive regardless of the commencement of terms of imprisonment in the standard guidelines range if the upper end of the sentence imposes a term unlikely to end during the defendant's natural life span or…perpetually subject to the discretion of the Board of Probation and Parole." [***Id.*** at 148.] This [c]ourt finds that ***Coulverson*** is distinguishable from [Appellant's] case. The ***Coulverson*** [C]ourt noted that the trial court mainly took into account the crime's impact on the victims and the severity of the crime when imposing sentence. ***Id.*** at 149-50. The trial court did not consider "dysfunction" in Coulverson's own life, his remorse, his cooperation, his attempts at becoming a productive member of society, and the possibility that he may succeed at rehabilitation after serving a substantial term of 18 years of incarceration. ***Id.*** at 150. On the other hand, this [c]ourt in the instant matter considered all [Section] 9721(b) factors when it imposed sentence. In addition, Coulverson was sentenced to a hefty 90 year period of confinement (80 years if legally sentenced) despite the tragedy in Coulverson's life. ***Id.*** at 148. However, here, [Appellant] was merely sentenced to a maximum of 14 years of incarceration.

(Trial Court Opinion, filed June 4, 2015, at 6-8). The record shows the court appropriately considered all relevant sentencing factors, and belies Appellant's claim that the court imposed an excessive aggregate sentence.

Additionally, the court had the benefit of a PSI report. **See Commonwealth v. Tirado,** 870 A.2d 362 (Pa.Super 2005) (stating where sentencing court had benefit of PSI, law presumes court was aware of and weighed relevant information regarding defendant's character and mitigating factors); **Cruz-Centeno, supra** (explaining that, absent more, standard range sentence cannot be considered excessive or unreasonable where court had benefit of PSI).

Appellant's allegation that the court failed to state on the record its reasons for the sentence does present a substantial question. **See Dunphy, supra**. Nevertheless, at sentencing, the court explicitly stated that it took into account the PSI report, which included various affidavits and Appellant's criminal history. The court also stated it considered Appellant's age and the nature of his offenses, and reviewed the Sentencing Guidelines before it imposed standard range sentences for each of Appellant's convictions. Accordingly, the court adequately stated its reasons for the sentence at the time of imposition. **See Brown, supra**; **Malovich, supra**. Following our independent examination of the record, we affirm and grant counsel's petition to withdraw.

Judgment of sentence affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/2015